1  David V. Roth (State Bar No. 194648)
   *dvr@manningllp.com*
2  Chandra A. Carr (State Bar No. 315259)
   *czc@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  One California Street, Suite 900
   San Francisco, California 94111
5  Telephone: (415) 217-6990
   Facsimile:  (415) 217-6999
6
7  Attorneys for Defendant,
   TARGET CORPORATION
8
9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| STUART GREENBERG,  Plaintiff,  v.  TARGET CORPORATION and DOES 1 to 50,  Defendants. | Case No. 3:22-cv-1334  **NOTICE OF REMOVAL BY DEFENDANT TARGET CORPORATION**  Action Filed:        July 13, 2021 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION (referred to herein as "Target Corporation"), by and through its attorneys of record, hereby remove to this Court the state court action described below.

1. On or about July 13, 2021, Plaintiff STUART GREENBERG ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of san Mateo under case number 21-CIV-03784 (the "Action"), naming Target Corporation as a Defendant.  [See Plaintiff's Complaint, attached hereto as **Exhibit A**.]

2. Plaintiff's Complaint contains two Causes of Action, one for General Negligence and one for Premises Liability.

3. Defendant filed and Answer on August 20, 2021, and the parties opened the discovery process. [See Defendant's Answer, attached hereto as **Exhibit B**.]

4. On February 4, 2022, Plaintiff's counsel sent Defendant's counsel an email in which he stated that Plaintiff's medical specials equaled $87, 056.40. [See Plaintiff's counsel's email dated February 4, 2022, attached hereto as **Exhibit C.]**

5. Plaintiff had not previously provided a statement or documentation bringing damages above $75,000.

6. On February 4, 2022, Plaintiff's counsel attached Plaintiff's amended discovery responses to form interrogatories herein Plaintiff placed his claim for damages above $75,000. [See Plaintiff's Amended and Supplemental Responses to Form Interrogatories, Set One as **Exhibit D.]**

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which requires a Notice of Removal to be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." Moreover, under 28 U.S.C. § 1446(b)(3), "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service of otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8. Defendant seeks removal of this case to Federal Court pursuant to Plaintiff seeking damages beyond the $75,000 threshold.

## JURISDICTION

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and which may be removed to this Court by Target Corporation pursuant to 28 U.S.C. section 1444(b) because it is a civil action between citizens of different states and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff and Defendant, are, and have been, citizens of different states at all times, and therefore, complete diversity exists in this action,

as stated below:

10. **Plaintiff's Citizenship**: Plaintiff is a resident of the State of California and resides in the County of San Mateo.  For purposes of evaluating diversity, a person is a "citizen" of the state in which he or she is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); see also *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place she resides with the intent to remain.) Accordingly, Plaintiff is a citizen of the State of California.

11. **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the State. . .where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Defendant is a corporation incorporated under the laws of the State of Minnesota, with its headquarters and its principal place of business in Minneapolis, Minnesota. Target's Executive Officers and senior management, including, but not limited to, the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Legal Officer, Chief Marketing Officer, Chief Human Resources Officer, and Chief Stores Officer, were and are located at Target Headquarters in Minnesota.  At all times material hereto, Target's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development, were and are performed at and promulgated from Target Headquarters in Minnesota.  Accordingly, Target is a citizen of Minnesota. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); *Breitman v. May Co. Cal*., 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed.)

12. Target is the only named Defendant in this action. Plaintiff has neither identified nor served any other Defendants who might be included as "DOES 1-50."

13. Because Plaintiff is a citizen of a state different than Target Corporation, minimal diversity exists for purposes of establishing jurisdiction. See 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY EXCEEDING $75,000**

14. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

15. Plaintiff's statement of damages claim damages in excess of $75,000.00 in general damages thus satisfying the amount-in-controversy requirement to invoke federal diversity jurisdiction.

**NOTICE TO PLAINTIFF AND STATE COURT**

16. Pursuant to 28. U.S.C. section 1446(d), with the filing of this Notice of Removal with this Court, written notice of such filing will be promptly given by the undersigned to Plaintiff, and the copy of the Notice of Removal will be promptly filed with the Clerk of the County of San Mateo.

**NOTICE TO ADVERSE PARTIES**

17. Target Corporation's Notice to Adverse Party of Notice of Removal will be promptly filed in Action No RG21110499 of the Alameda County Superior Court.

18. Pursuant to the provisions of 28 U.S.C. § 1446, Target Corporation attaches herewith and incorporates herein by reference, copies of the following documents served by the parties in this action:

    a)    Plaintiff's Complaint [**Exhibit A**].

    b)    Defendant's Answer to Plaintiffs' Complaint [**Exhibit B**].

    c)    Plaintiff's counsel's email dated February 4, 2022 [**Exhibit C**].

    d)    Plaintiff's Amended and Supplemental Responses to Form Interrogatories **[Exhibit D]**.

///
///
///
///
///

## PRAYER

WHEREFORE, TARGET CORPORATION prays that the above-entitled action, formerly pending in the Superior Court of California, County of Alameda be removed therefrom to the United States District Court for the Northern District of California and that this action proceed in that Court as an action properly removed thereto.

## DEMAND FOR JURY

Target Corporation hereby demands a jury for all claims in this action.

DATED:  March 2, 2022

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____
Chandra A. Carr
Attorneys for Defendant,
TARGET CORPORATION