# EXHIBIT B

1  David V. Roth (State Bar No. 194648)
     dvr@manningllp.com
2  Chandra A. Carr (State Bar No. 315259)
     czc@manningllp.com
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  One California Street, Suite 900
   San Francisco, California 94111
5  Telephone: (415) 217-6990
   Facsimile:  (415) 217-6999
6
7  Attorneys for Defendant,
   TARGET CORPORATION
8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| STUART GREENBERG, | Case No. 21-CIV-03784 |
|---|---|
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINIFF'S COMPLAINT** |
| v. | Action Filed:    July 13, 2021 |
| TARGET CORPORATION and DOES 1 to 50, | |
| Defendants. | |

Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, defendant TARGET CORPORATION (hereinafter "Defendant") answers the Complaint of plaintiff STUART GREENBERG (hereinafter "Plaintiff"). Defendant denies, both generally and specifically, each and every allegation of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that Plaintiff's Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a cause of

4810-4245-4775.1

action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges the conduct of other parties concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct, and caused and contributed to, in whole or in part, the injury of Plaintiff, thus barring or limiting Plaintiff's right of recovery against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges the Complaint and each and every cause of action contained therein is barred by the statute of limitations as set forth in the California Code of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges the fault of other persons other than Defendant contributed to and proximately caused the occurrence alleged to be at issue in this lawsuit; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such contribution be established by special verdict or other procedure, and Defendant's ultimate liability be reduced to the extent of such contribution.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that the Court is required to apportion damages, if any, and require Defendant to pay only its respective fair and legal percentage of liability as determined by the trier of fact and/or law in accordance with California Civil Code section 1441.1 et. seq., and limit general damages and abate joint and several liability.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that by the exercise of reasonable care and ordinary attentiveness to an apparent situation/and or condition, Plaintiff could have avoided or otherwise prevented any and all injury to himself.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that by the exercise of reasonable

effort, Plaintiff could have mitigated the amount of damages he allegedly suffered, but has failed and/or refused to exercise such effort to mitigate the damage.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that Plaintiff's damages are limited to special damages for failure to carry the required minimal liability insurance limits as prescribed by California Civil Code section 3333.33.

### NINTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that any conduct of Defendant was not negligent and conformed with the standard of care of this industry.

### TENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that any damages allegedly sustained by Plaintiff out of any purported negligent conduct of Defendant, as set forth in the Complaint, was not proximately caused by any negligent conduct on the part of Defendant in any manner whatsoever.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges there is a defect or misjoinder of parties pursuant to California Code of Civil Procedure section 430.01(d).  Specifically, Plaintiff has failed to join all necessary parties for a final determination of this action.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, California Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, 1432) are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally and proximately caused or contributed to by the negligence or fault of other persons or entities other than Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that if Plaintiff sustained any damages, whether alleged in the Complaint or otherwise, which is denied, Defendant is entitled to indemnity and contribution from other parties to the extent that such parties contributed to

Plaintiff's alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that at all times mentioned herein, Plaintiff, was negligent, careless, and reckless so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. The Complaint is barred to the extent Plaintiff's alleged conduct, whether individually or in concert, if any, was unreasonable as to time, place and manner. This negligence bars either completely or partially the recovery sought.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that Plaintiff's Complaint, and the allegations therein, are barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that, at all times mentioned herein, Plaintiff failed to mitigate her damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that payments have heretofore been made on behalf of said Defendant to Plaintiff, whether individually or in concert, in an amount to be proved at trial without any admission of liability or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is, pursuant to California Insurance Code section 11583, entitled to a credit in that amount against any settlement made or judgment rendered herein.

/ / /

/ / /

/ / /

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: August 20, 2021

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____
David V. Roth
Chandra A. Carr
Attorneys for Defendant,
TARGET CORPORATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One California Street, Suite 900, San Francisco, CA 94111.

On August 20, 2021, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO PLAINIFF'S COMPLAINT** on the interested parties in this action as follows:

David S. Greenseid, Esq.                **Attorney for Plaintiff,**
Attorney at Law                         **STUART GREENBERG**
630 N. San Mateo Drive
San Mateo, CA 94401
Tel: (650) 570-7878
Fax: (650) 572-7150
Email: davidg2@ix.netcom.com

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 20, 2021, at San Francisco, California.

Diana Norton